GENERAL ELECTRIC SUPPLY CO., a Division of General Electric Company, a New York Corporation, Appellant, v. MT. WHEELER POWER, INC., a Nevada Corporation, Respondent.

No. 9369

December 20, 1978                    587 P.2d 1312

---

[Rehearing denied January 31, 1979]

*Guild, Hagen & Clark, Ltd.,* Reno, for Appellant.

*Vaughan, Hull, Marfisi & Miller, Ltd.,* Elko, for Respondent.

## OPINION

*Per Curiam:*

Respondent sought damages resulting from appellant's breach of contract. At the conclusion of a trial without jury, the district court concluded appellant had breached its contract ⸓ supply material to respondent and awarded respondent costs, plus damages in the amount of $164,460.30.[1] Appellant's only cognizable contentions are (1) the evidence adduced at trial fails to support the district court's findings; and, (2) the district court erred in awarding damages. We disagree.

1. Appellant contends the district court erred in finding (a) it had breached the contract by failing to make timely deliveries of the material and, (b) respondent had given appellant notice of such breach within a reasonable time, as required by NRS 104.2607(3)(a).

Where a trial court, sitting without a jury, makes factual

---

[1] This sum was reduced by a $35,000 settlement with another party to the action in district court.

determinations based upon conflicting evidence, those determinations will not be disturbed where, as here, they are supported by substantial evidence. Havas v. Engebregson, 94 Nev. 336, 580 P.2d 122 (1978).

2. Appellant also contends the district court erred by awarding lost profits because respondent was engaged in a new business with no prior history of profits and, thus, lost profits were too speculative, uncertain, and remote. The rule barring recovery of uncertain lost profits is directed against "uncertainty as to the existence of [profits] rather than as to measure or extent." Fireman's Fund Ins. v. Shawcross, 84 Nev. 446, 453, 442 P.2d 907, 912 (1968). The record indicates that respondent was an electrical cooperative corporation which took over and expanded upon the electrical services previously provided by two long-established electrical companies—Ely Light and Power Co. and Eureka Light and Power Co. Under these circumstances, we perceive no uncertainty as to the existence of lost profits and, accordingly, the rule barring recovery is not applicable.

Further, appellant argues that the evidence was insufficient to support the award of lost profits. The district court found lost profits were reasonably foreseeable and within the contemplation of the parties at the time the contract was entered into. This finding is supported by the evidence and, thus, it will not be disturbed on appeal. Eaton v. J. H. Inc., 94 Nev. 446, 581 P.2d 14 (1978).

The district court judgment is affirmed.