**CONSOLIDATED FREIGHTWAYS CORPORATION OF DELAWARE, a corporation, Plaintiff,**

v.

**THEODOR MANUFACTURING CORP., a California Corporation, Defendant.**

**Civ. No. 80–00481–RJK (Mx).**

United States District Court, C. D. California.

March 10, 1981.

Christopher Ashworth, Garfield, Tepper & Ashworth, Los Angeles, Cal., for plaintiff.

**10**

Michael T. Sun, Baker, Ancel, Morris, Spencer & Frye, Los Angeles, Cal., for defendant.

### MEMORANDUM OF DECISION AND ORDER

KELLEHER, District Judge.

The parties to this action have submitted the matter to this Court for trial on stipulated facts. The parties have filed a pretrial conference order approved by this Court and a supplement to the pretrial conference order. Each party has also filed a trial brief with the Court.

The agreed facts in the pretrial conference order and the supplement thereto reveal that defendant is indebted to plaintiff in the amount of $3,551.03. This sum is due for freight charges for various shipments made by the defendant. The defendant does not contest its liability for this amount. However, the defendant contends that it is entitled to a setoff in the identical amount of $3,551.03 for a shipment of ladies' handbags that defendant delivered to plaintiff for shipment and for which the plaintiff has been unable to provide defendant proof of delivery.

The shipment of handbags was delivered to plaintiff for shipment from defendant's location in Gardena, California, to defendant's customer in Washington, D.C. The shipment was delivered to plaintiff on October 18, 1977. On February 27, 1978, defendant mailed a request for proof of delivery to plaintiff's Portland office. Defendant did not receive any reply to this request. Defendant sent a second request for proof of delivery to plaintiff's Portland office on May 3, 1978. Upon again receiving no response from plaintiff, defendant telephoned plaintiff's Portland office and was instructed to contact plaintiff's Washington, D.C. office. Defendant then sent a third request for proof of delivery to plaintiff on July 19, 1978. This time the request was directed to the Washington office. All three of these requests for proof of delivery were made within nine months of the date of shipment.

On August 3, 1978, the defendant mailed a written claim to the plaintiff for loss of the merchandise. After an investigation, plaintiff notified defendant on December 18, 1978, that it was unable to provide proof of delivery for the shipment of handbags. However, plaintiff refused to pay for the handbags, contending that defendant's claim had not been timely filed.

Plaintiff's refusal to pay is based on the provisions of § 2(b) of the Uniform Bill of Lading. That section provides in part:

As a condition precedent to recovery, claims must be filed in writing with the ... carrier ... within nine months after delivery of the property ... or, in the case of failure to make delivery, then within nine months after a reasonable time for delivery has elapsed.... Where claims are not filed ... in accordance with the foregoing provisions, no carrier hereunder shall be liable, and such claims will not be paid.

■ Therefore, the issue presented for this Court's determination is whether the three requests for proof of delivery made by defendant constitute "substantial compliance" with the nine-month written claim requirement of § 2(b) to allow defendant to proceed with its claim for a setoff.

Defendant bases its argument on *American Synthetic Rubber Corp. v. Louisville & Nashville R.R. Co.,* 422 F.2d 462 (6th Cir. 1970), while plaintiff places primary emphasis on *Wisconsin Packing Co. v. Indiana Refrigerator Lines, Inc.,* 618 F.2d 441 (7th Cir. 1980) (en banc). The holdings in these two cases are entirely consistent. They both hold, in essence, that to state a valid claim under § 2(b), the shipper must present a written notice that:

1) informs the carrier of the loss or damage to the shipment; and

2) *informs the carrier that the shipper contends that the carrier is responsible* for such loss or damage.

The Courts have construed such requirements liberally. In both *American Synthetic* and *Wisconsin Packing,* the Courts held that the following factors fulfilled the claim

in writing requirement of § 2(b): the carrier's inspection of the damage; an oral statement by the shipper of its intention to seek compensation from the carrier; and a brief note giving the details of the shipment and stating that damage had occurred. The crux of both decisions was that the carrier had *actual knowledge* of the damage in each case. The purpose behind the claim requirement of § 2(b) is to give the carrier sufficient notice to allow it to investigate the shipper's contention of its responsibility. However, as the Seventh Circuit stated: "If ... actual knowledge or a full inquiry on the part of the carrier may buttress a shipper's claim when the written notice is informal or perhaps even nonexistent, the obverse is also true: the complete absence of such actual knowledge of the damage or its extent will vitiate a claim unless the writing gives a precise basis for investigation." *Wisconsin Packing, supra* at 447; *accord, American Synthetic, supra* at 468. Further, as the Seventh Circuit went on to emphasize: "[i]t is ordinarily essential [in a written claim where no actual knowledge exists] *for the shipper to indicate to the carrier that it will be looked to for reimbursement.*" (emphasis added) *Wisconsin Packing, supra* at 448.

In this instance it is arguable that the three requests for proof of delivery informed the carrier that a loss of the goods might have occurred. However, it is clear that the requests did not put plaintiff on notice that defendant intended to seek reimbursement from it. Indeed, in defendant's third request, it attached a memorandum that stated in part: "Would you please be so kind as to supply us with proof of delivery on this shipment, as we are having difficulty with the customer in question." (Defendant's Exhibit D to Pretrial Conference Order). Thus the carrier could have interpreted these requests as merely requests for assistance in pursuing a claim against the customer and not as an indication that the claim was against the carrier itself.

Although greater diligence in responding to defendant's requests might have informed defendant of the loss sooner, plaintiff carrier was under no legal duty to do so. Nor is the carrier estopped from relying on the nine-month limitation period. Estoppel has only been found when the carrier had actual knowledge of the damage and acted to prevent the shipper from filing a timely written claim. *Perini-North River Associates v. Chesapeake and Ohio Ry. Co.,* 562 F.2d 269, 274 (3rd Cir. 1977) (carrier representative told shipper that it did not need to file a written claim); *Wisconsin Packing, supra* at 447 n. 6. Rather, the burden of diligently investigating claims must rest upon the shipper until it has provided the carrier with the information required by § 2(b).

Accordingly, it is the determination of this Court that the defendant shipper did not fulfill its obligation under § 2(b) and may not press its claim for loss in this Court. Therefore, the plaintiff is entitled to judgment without any setoff on its claim for freight charges.