DANIEL, MANN, JOHNSON & MENDENHALL, Appel-
lant, *v.* HILTON HOTELS CORPORATION, dba LAS
VEGAS HILTON, Respondent.

No. 12190

March 29, 1982

642 P.2d 1086

*Dickerson, Miles & Pico,* Las Vegas; *Morris, Polich &
Purdy,* and *Jeffrey S. Barron,* Los Angeles, for Appellant.

*Lionel Sawyer & Collins,* and *Steve Morris,* Las Vegas, for
Respondent.

## OPINION

*Per Curiam:*

Appellant and respondent entered into a written contract whereby appellant promised to perform all survey work and reports pertaining to the construction of a six hundred room addition to respondent's existing hotel and casino. Respondent agreed to compensate appellant for these services on a time-and-materials basis. It was the responsibility of appellant to pinpoint the location of caissons which were to constitute the major foundational support for the structure and elevator shaft. After the caissons were drilled, it was discovered that several had been misplaced. Remedial work resulted in several days' delay in the final completion of the addition. Respondent brought suit for breach of contract and obtained a judgment in its favor with an award of damages of approximately one million dollars.

Appellant cites numerous errors at trial, including: (1) the court's instruction of the jury on implied warranty to perform in a workmanlike manner; (2) the court's failure to instruct the jury regarding expert testimony and regarding the foreseeability of damages for lost profits; and (3) the court's award of prejudgment interest.

It is appellant's main contention that the district court erred when it instructed the jury that appellant's liability was founded upon an implied duty to perform in a workmanlike manner. It is urged by appellant that the proper standard by which the jury should have measured appellant's conduct is the duty to perform as an ordinarily skillful surveyor under similar circumstances. In our view, it is sufficient to instruct the jury that appellant had an implied duty to perform in a workmanlike manner. It is clear from the nature of the work that, had the work been done in a workmanlike manner, the caissons

would not have been misplaced. *See* Broyles v. Brown Engineering Co., 151 So.2d 767 (Ala. 1963). Appellant was provided plans and specifications that reflected the location and dimensions of the caissons. The survey emanated from existing, fixed monuments, the accuracy of which is not in doubt. There is nothing in the record to indicate that the survey required complex calculations or necessitated the reliance upon untrustworthy data such that accuracy could not be expected from performance done in a workmanlike manner.

 ██

We also disagree with appellant's contention that expert testimony is required to prove the breach of duty. It is well settled that the standard of care must be determined by expert testimony unless the conduct involved is within the common knowledge of laypersons. Bialer v. St. Mary's Hospital, 83 Nev. 241 (1967). Where, as in the instant case, the service rendered does not involve esoteric knowledge or uncertainty that calls for the professional's judgment, it is not beyond the knowledge of the jury to determine the adequacy of the performance. *See* Aetna Insurance Co. v. Hellmuth, Obata Kassabaum, Inc., 392 F.2d 472, 478 (8th Cir. 1968).

 ██

It is appellant's third claim that the trial court erred by not submitting to the jury the issue of whether the loss of profits was reasonably foreseeable.[1] We must agree. There can be no recovery for damages that are not reasonably foreseeable at the time of the contract. General Elec. Supply v. Mt. Wheeler Power, 94 Nev. 766, 587 P.2d 1312 (1978); MacKay v. Western U. Tel. Co., 16 Nev. 222 (1881). Ordinarily, this presents a factual issue to be determined by the trier of fact. Traylor v. Henkels & McCoy, Inc., 585 P.2d 970 (Idaho 1978). Only if it can be said that the damages are the direct or natural result of

---

[1] The jury was read the following instruction:

If you find that the plaintiff is entitled to damages for the delay in the opening of the Hilton 600-room addition, then you may award the Hilton the lost profits which are attributable to such delay. Lost profits are an appropriate measure of damages so long as the evidence provides a basis for determining, with reasonable certainty, what the profits would have been had the contract not been breached.

Although a degree of uncertainty may be present in fixing damages for lost profits, this does not destroy the right to recover them. The rule against the recovery of uncertain damages is directed against uncertainty as to the existence of damage as opposed to the amount of them.

the breach can they be presumed foreseeable as a matter of law. *See* Hoag v. Jenan, 195 P.2d 451 (Cal.Ct.App. 1948); Johnson v. Utile, 86 Nev. 593, 472 P.2d 335 (1970). *See also* Restatement (Second) of Contracts, section 351, comment b (1981).

Respondent contends the loss of profits caused by the delayed opening of the addition was a direct or natural result of appellant's breach because the contract involved work essential to the construction of an addition to an operating hotel and casino. Respondent misplaces its reliance upon Hoag v. Jenan, *supra*. In *Hoag,* the plaintiff contracted for the construction of needed additional space for his existing repair shop. Damages for the loss of profits from delay in completion of the addition were recoverable as the direct result of the breach because a completion date was specified in the contract for the purpose of preventing such loss. *Id*. at 456. Respondent concedes that neither appellant's contract to perform the survey work, nor the general conditions and specifications of the construction project as a whole, contain a completion date for the addition. In our view, it cannot be said as a matter of law that the loss of profits flow foreseeably from the breach of a construction contract where, as here, there is no evidence of a contemplated completion date at the time of the contract. Therefore, failure to submit to the jury the issue of foreseeability of lost profits is reversible error.

The final issue to be considered is whether the district court erred in awarding prejudgment interest. The district court awarded prejudgment interest on damages claimed for the remedial work and for the loss of profits occasioned by the delay. NRS 99.040(1) provides that interest shall be allowed upon all money from the time it becomes due, upon contracts, express or implied, other than book accounts.[2] The interest awarded upon the damages for remedial work fits within our construction of the statute in Paradise Homes v. Central Surety, 84 Nev. 109, 437 P.2d 78 (1968). Therefore, there is no error in the award of interest on damages for the remedial

---

[2]NRS 99.040(1) provides as follows:

99.040 Interest rate when no express written contract. When there is no express contract in writing fixing a different rate of interest, interest shall be allowed at the rate of 8 percent per annum upon all money from the time it becomes due, in the following cases:
1. Upon contracts, express or implied, other than book accounts.

The statute was amended effective July 1, 1981 to increase the statutory rate to 12 percent per annum and change "shall be allowed" to "must be allowed." The amended statute does not affect the instant case. *See* ch. 739, 1981 Nev. Stat. 1858.

work. In view of our decision that the issue regarding lost profits must be submitted to the jury, we need not consider the appropriateness of prejudgment interest on the damages for lost profits. Accordingly, the judgment of the district court is affirmed insofar as it awards damages to respondent for costs, remedial work and the interest thereon. Insofar as it awards damages for lost profits, including interest, judgment is reversed and remanded to the district court for further proceedings consistent with this opinion. Other issues raised by appellant are without merit and need not be considered.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, SR. J.,[3] concur.