JOSEPH HICKS, DBA HICKS ENGINEERING CO., APPEL-
LANT, *v.* BHY TRUCKING, INC., PEARSON TRUCK-
ING AND RIGGING, INC., RESPONDENTS.

No. 14353

June 22, 1983                               665 P.2d 253

*Durney, Guinan & Brennan,* Reno, for Appellant.

*Pinkerton & Leeder; Cromer, Barker, Michaelson, Gillock & Rawlings;* and *Ken Bick,* Reno, for Respondents.

## OPINION

*Per Curiam:*

The instant appeal concerns a shipping contract allegedly breached through damage of the goods in transit. Respondent carriers moved for summary judgment on the ground that appellant shipper had failed to comply with a contractual requirement contained in the bill of lading, which required the shipper to submit a written claim within nine months of delivery. Although the district court granted summary judgment, we have determined that questions of fact exist in regard to respondents' defense. Accordingly, we reverse.

For purposes of review, all evidence in appellant's favor will be accepted as true. Bowyer v. Davidson, 94 Nev. 718, 720, 584 P.2d 686 (1978); Potter v. Mutual Benefit Life Ins. Co., 93 Nev. 90, 92, 560 P.2d 914 (1977).

Appellant shipper Joseph Hicks, doing business as Hicks Engineering Company, contracted with respondent carrier Pearson Trucking and Rigging, Inc. (Pearson) to have heavy machinery transported from Southern California to Reno, Nevada. After issuing a bill of lading to appellant, Pearson contracted with respondent carrier BHY Trucking, Inc. (BHY) to have the machinery in question transported to Reno. The machinery was loaded onto two BHY trucks, and appellant was informed that the load would be delivered to Reno by the following day. The trucks, however, did not arrive as expected, and, when the shipment finally did arrive, the machinery had been damaged by exposure to the elements.

Appellant informed both Pearson and BHY by telephone of the damage and indicated that he expected to be compensated. An agent of BHY informed appellant that BHY would send an adjuster to assist appellant in assessing damages and filling out a claim form, and advised appellant to wait until the adjuster arrived before making a formal claim. Subsequently, on six different occasions over an eight-month period appellant contacted BHY and informed the carrier that the adjuster had failed to arrive. On each occasion, BHY reassured appellant that the adjuster would arrive shortly and that appellant's claim would receive appropriate attention. Appellant finally lost faith in BHY's promises, and mailed BHY a formal claim letter some nine months and five days after the claim arose.

Respondents refused to honor appellant's claim, and appellant filed suit. After discovery, and some two months before trial, respondents filed joint motions for summary judgment. In these motions, respondents contended that appellant was precluded as a matter of law from the relief sought on the

ground that he had failed to submit a timely written claim for damages in compliance with the provisions of the bill of lading. and the provisions of the Carmack Amendment to the Interstate Commerce Act, then 49 U.S.C. § 20(11).[1] Appellant adduced evidence of the facts set forth above, contending *inter alia* that a waiver had occurred, and that respondents should be estopped from relying on any time limitation provision because they had frustrated appellant's efforts to submit a timely claim. Despite appellant's argument and evidence, the district court granted respondents' motions for summary judgment.

We believe the district court erred. Summary judgment is appropriate only where the pleadings and papers on file show there is no genuine issue of fact, and that the moving party is entitled to judgment as a matter of law. Nehls v. Leonard, 97 Nev. 325, 328, 630 P.2d 258 (1981); NRCP 56. In deciding the propriety of a summary judgment, all evidence favorable to the party against whom such judgment was rendered will be accepted as true. Short v. Hotel Riviera, Inc., 79 Nev. 94, 103, 378 P.2d 979 (1963). Further, in the absence of a clearly established defense, summary judgment must be denied. *Cf.* Weaver v. Shell Oil Co., 91 Nev. 324, 328, 535 P.2d 787 (1975) (in absence of clearly established workmen's compensation defense, summary judgment must be denied).

In the instant case, the pleadings and papers on file at the time the motions for summary judgment were submitted indicated appellant had relied on respondents' representations that they would send an adjuster to assist with the filing of his claims. The record further indicates appellant omitted to file a timely claim as a result of these representations. In opposition to the motions for summary judgment, appellant argued that respondents had waived any time limitation provision in the bill of lading. On this record, we believe genuine issues of fact exist as to whether respondents had in fact waived the time limitation provision or frustrated appellant's efforts to file a timely claim. Given the existence of such questions of fact, summary judgment would ordinarily be inappropriate.

---

[1] During the pendency of this litigation 49 U.S.C. § 20(11) was repealed. The section, however, was re-enacted as 49 U.S.C. § 11707. This section delineates the liability of the initial and delivering carriers for loss and provides for the notice and filing of claims against carriers. The statute provides in pertinent part:

A carrier may not provide by rule, contract, or otherwise, a period of less than 9 months for filing a claim against it. . . .

There remains the issue, however, of whether respondents' actions could, as a matter of law, estop or otherwise bar them from asserting a time limitation provision contained in a bill of lading. Although the district court apparently accepted respondents' argument that the carrier could not be estopped from asserting such a provision, we do not believe applicable case law dictates such a conclusion.

The bill of lading in the instant case reflects the nine-month minimum claim filing period imposed by the Carmack Amendment and provides, in pertinent part:

> As a condition precedent to recovery, claims must be filed in writing with the . . . carrier . . . within nine months after delivery of the property. . . . Where claims are not filed or suits are not instituted thereon in accordance with the foregoing provisions, no carrier hereunder shall be liable, and such claims will not be paid.

The question of whether a carrier may be estopped from asserting the terms of a bill of lading has not been clearly resolved by the United States Supreme Court. In Georgia, Fla. & Ala. Ry. v. Blish Co., 241 U.S. 190, 36 S.Ct. 541 (1916), the court indicated that the parties could not "waive the terms of the contract under which the shipment was made pursuant to the [Interstate Commerce Act]; nor could the carrier by its conduct give the shipper the right to ignore these terms which were applicable to that conduct and hold the carrier to a different responsibility from that fixed by the agreement made under the published tariffs and regulations." 241 U.S. at 197. However, in the subsequent case of Chesapeake & Ohio Ry. v. Martin, 283 U.S. 209, 51 S.Ct. 453 (1931), the court indicated that although a shipper may not invoke the doctrine of estoppel against the carrier's right to collect the legal shipping rate, "[w]hether under any circumstances the shipper may rely upon that doctrine in avoidance of the time limitation clause of the bill of lading, we need not now determine." 283 U.S. at 222. Thus, the Martin case indicates that, despite the court's use of restrictive language in Blish Co., a carrier might be estopped from raising as a defense a time limitation clause in the bill of lading.

The lower federal courts have taken their lead from the Martin decision, and have applied estoppel in situations in which the application of that doctrine enhances the statutory purposes of the Carmack Amendment. See Pathway Bellows, Inc. v. Blanchette, 630 F.2d 900 (2nd Cir. 1980); Wisconsin Packing Co. v. Indiana Refrigerator Lines, 618 F.2d 441 (7th Cir.

1980), *cert. den.,* 449 U.S. 837, 101 S.Ct. 112 (1980); Perini-North River Associates v. Chesapeake & O. Ry. Co., 562 F.2d 269 (3rd Cir. 1977). Significantly, at least one federal district court of our own Ninth Circuit has concurred. *See* Consolidated Freight., etc. v. Theodor Mfg. Corp., 516 F.Supp. 9, 11 (C.D.Cal. 1981).

Given the weight of this authority, we believe that a carrier can be estopped from asserting a time limitation provision contained in a bill of lading. Because a bona fide question existed as to such a factual issue in this case, summary judgment was inappropriate. Accordingly, we order the summary judgment reversed and the cause is remanded for further proceedings.