JAMES A. ARNOLD, APPELLANT AND CROSS-RESPONDENT, *v.* MT. WHEELER POWER COMPANY, RESPONDENT AND CROSS-APPELLANT.

No. 15896

October 22, 1985                                    707 P.2d 1137

*Durney & Brennan,* Reno, for Appellant and Cross-Respondent.

*Barker, Gillock & Perry,* Reno, for Respondent and Cross-Appellant.

## OPINION

*Per Curiam:*

On October 4, 1980, appellant James A. Arnold was severely electrocuted when the hay-stacker he was operating came in contact with respondent Mt. Wheeler Power Company's 14,000 volt overhead power line. Both of Mr. Arnold's arms and parts of both feet required amputation. Doctors testified that as a result of the electrocution and the numerous surgeries which followed, ninety percent of Mr. Arnold's body is covered with scars, and it is feared that he will never again be able to walk.

Mr. Arnold brought suit against Mt. Wheeler Power Company seeking damages for his personal injuries. The case was tried to a

jury which, by special verdict, found Mr. Arnold and Mt. Wheeler each fifty percent negligent. Damages were assessed at $1,256,066.38—$256,066.38 representing past damages and the remaining $1,000,000.00 future damages. The district court, pursuant to NRS 41.141(1),[1] reduced the damages to reflect the fifty percent negligence of each party. Interest was assessed at the rate of twelve percent.

Subsequent to the verdict, Mr. Arnold brought a motion for additur or, in the alternative, for a new trial on the issue of damages. Mr. Arnold also filed a motion for reimbursement of expert witness fees. The district court denied both motions. This appeal and cross-appeal followed.

### Motion for Additur

The jury awarded Mr. Arnold $256,066.38 in damages for past injuries. This sum is the exact amount of past medical expenses incurred by Mr. Arnold. Mr. Arnold asserts the award is inadequate since it did not include any amount for loss of his limbs or for pain and suffering or loss of earnings.

Nevada has recognized that,

> when a limb is lost or severely disabled, the damage to the victim far exceeds just the medical expenses and loss of earnings. An arm or a leg is an integral, functioning part of the human body, and because its separation results in disability as well as pain and suffering it is recognized that an award of medical expenses or an amount slightly over the medical expenses . . . is inadequate.

Drummond v. Mid-West Growers, 91 Nev. 698, 713, 542 P.2d 198, 208 (1975).

The jury awarded Mr. Arnold nothing for loss of limbs or for pain and suffering and loss of earnings. Therefore, the award for past damages was inadequate and the order denying the motion for additur is reversed.[2]

---

[1]NRS 41.141(1) provides:

> 1. In any action to recover damages for death or injury to persons or for injury to property in which contributory negligence may be asserted as a defense, the contributory negligence of the plaintiff or his decedent does not bar a recovery if that negligence was not greater than the negligence or gross negligence of the person or persons against whom recovery is sought, but any damages allowed must be diminished in proportion to the amount of negligence attributable to the person seeking recovery or his decedent.

[2]Mr. Arnold claims the award for future damages is also inadequate. After a review of the record we conclude the award of $1,000,000.00 for future damages is not clearly inadequate.

## Expert Witness Fees

Mr. Arnold claims that the district court erred in denying his motion for excess witness fees pursuant to NRS 18.005(5).[3] The amount of expert witness fees in each case is a matter within the sound discretion of the trial judge and will not be disturbed unless found to be manifestly erroneous.

The record reveals that the district court heard argument on the reasonableness and necessity of the expert testimony and considered these factors in ruling on the motion for excess fees. The court, in its decision, found Mr. Arnold's argument lacked sufficient support and denied the motion. This was not an abuse of the court's discretion. Therefore, the order denying the motion for excess expert fees is affirmed.

## Pre-Judgment Interest Rate

The district court awarded Mr. Arnold pre-judgment and post-judgment interest at the rate of twelve percent per annum. Mt. Wheeler argues that interest should have been awarded at a rate of eight percent.

The accident in this case occurred on October 4, 1980. At that time, NRS 17.130(2) provided for "interest at the rate of 8 percent per annum." On June 14, 1981, NRS 17.130(2) was amended to allow for "interest at the rate of 12 percent per annum." The statutory history of this amendment reveals that the change became effective July 1, 1981, and applied to all causes of action *arising on or after* July 1, 1981. 1981 Nev. stats. ch. 739 §§ 2, 6 at 1858-59.

In this case, the cause of action arose on October 4, 1980—the date of the accident. Therefore, interest should have been awarded at the rate of eight percent per annum until the judgment is satisfied, as provided by statute on the date the cause of action arose.

## Conclusion

We therefore reverse the order denying Arnold's motion for

---

[3]NRS 18.005(5) states:

> For the purposes of NRS 18.010 to 18.150, inclusive, the term "costs" means:
> 5. Reasonable fees of not more than five expert witnesses in an amount of not more than $750 for each witness, unless the court allows a larger fee after determining, pursuant to a hearing, that the circumstances surrounding the expert's testimony were of such necessity as to require the larger fee.

additur or, in the alternative, for a new trial limited to the issue of damages, and we remand the case to the district court with instructions to grant Mr. Arnold a new trial limited to the issue of damages, unless Mt. Wheeler, within twenty days of the date of the filing of this opinion, agrees to an additur to the judgment in the amount of $175,000.00.[4] *See Drummond,* 91 Nev. at 713, 542 P.2d at 208. Additionally, the district court is instructed to grant interest on the judgment at a rate of eight percent per annum. The order denying the motion for excess expert fees is affirmed.

---

[4]This court determined that the damages should be increased by $350,000.00, subject to the fifty percent reduction to reflect the negligence of each party. NRS 41.141(1), *see* above, footnote 1.