GINA WILSON, aka REINA FUCHIGAMI, Appellant, v. PACIFIC MAXON, INC., a California Corporation, EDWARD MAXWELL and BETTY MAXWELL, Respondents.

No. 15016

February 26, 1986                    714 P.2d 1001

*Ronald J. Logar,* Reno, for Appellant.

*Gary R. Silverman* and *Mary Anne Decaria,* Reno, for Respondents.

## OPINION ON REHEARING

*Per Curiam:*

On April 11, 1983, the district court awarded judgment in the amount of $76,329.00 to respondent Pacific Maxon, Inc. ("PMI"). The district court ordered that the judgment should "bear interest at the rate of TWELVE PERCENT (12%) per annum from October 17, 1977, until paid." (Emphasis in original.) Wilson appealed. In Wilson v. Pacific Maxon, 100 Nev. 479, 686 P.2d 235 (1984), we affirmed the judgment, but reduced the prejudgment interest award from 12 percent to 7 percent. PMI has petitioned this court for a rehearing on the interest rate issue. Cause appearing, we grant rehearing and modify our former opinion.

Preliminarily we note that our previous opinion considered prejudgment interest only. However, in her brief on appeal, Wilson argued that no prejudgment interest should be awarded and that postjudgment interest should be limited to 7 percent per annum. Accordingly, in this opinion we consider the entire interest award which includes components of both prejudgment and postjudgment interest. Further, we note that some of the language in our prior opinion may be read to indicate that NRS 99.040 is purely a prejudgment interest statute. Such a construction of NRS 99.040 is inconsistent with the terms of the statute and with prior decisions of this court. By its terms, NRS 99.040 is neither a prejudgment nor a postjudgment interest statute. Instead, NRS 99.040 provides an interest rate on "all money from the time it becomes due" and there is no limitation on the length of the period. This period could include both prejudgment and postjudgment interest. Indeed, in the seminal case construing NRS 99.040, this court stated that NRS 99.040 provided for interest "prior to and after judgment." Paradise Homes v. Central Surety, 84 Nev. 109, 117, 437 P.2d 78, 84 (1968). Our previous opinion in this matter should be read as consistent with this authority.

Wilson argues strenuously on rehearing that our prior opinion in this case was correct because NRS 99.040 should not apply. Instead, Wilson argues, the interest award in this case should be governed by NRS 17.130(2), which provides that interest must be allowed on judgments in all cases where no other rate of interest is provided for by contract or by law. Wilson claims the damages awarded in this case were not contract damages because PMI sued to rescind the contract. Further, Wilson argues that PMI's original claims sounded in fraud, making the damages awarded

tort damages to which NRS 17.130(2) applies. We disagree. A suit for rescission of a contract is a suit arising out of a contract to which NRS 99.040 applies. More importantly, in an earlier opinion in this case, we disposed of PMI's tort claims and remanded only the contract questions to the district court. *See* Pacific Maxon, Inc. v. Wilson, 96 Nev. 867, 619 P.2d 816 (1980). Therefore, NRS 99.040 governs the award of interest in this case.

We turn now to PMI's claim for relief in its petition for rehearing. PMI argues, and we agree, that the following language in our prior opinion was in error: "The twelve percent (12%) rate and the prior eight percent (8%) rate were made applicable only to actions filed *after* July 1, 1981 and July 1, 1979, respectively." *Wilson,* 100 Nev. at 482, 686 P.2d at 237 (emphasis in original; footnote omitted). A review of the history of the legislative increases in 1979 and 1981 in the statutory rate of interest is necessary to an understanding of this contention.

When this cause of action arose in 1977, NRS 99.040 provided for interest at a rate of 7 percent per annum. In addition, four other statutes also provided for interest at 7 percent per annum.[1] In 1979, the legislature amended all five statutes to provide for interest at 8 percent per annum. Section 6 of the 1979 amendment provided: "The provisions of this act apply to all actions and proceedings filed on or after July 1, 1979." Therefore, the entire 1979 amendment was prospective in nature.

In 1981, the legislature again amended the five statutes, increasing the interest rate to 12 percent per annum. Each of the five statutes constituted one section of the bill amending the five statutes. NRS 99.040 was section 3 of the bill. Section 6 of the bill provided: "The provisions of sections 1, 2 and 4 of this act apply to all causes of action which arise on or after July 1, 1981." NRS 99.040 was *excluded* from this section which made three of the sections expressly prospective.[2] The significance of this exclusion is central to the issue we now face.

PMI argues that because the legislature chose not to make NRS 99.040 prospective, it must have intended NRS 99.040 to be

---

[1]The five interest rate statutes are NRS 17.130, providing for interest on judgments when interest is not otherwise provided by contract or law; NRS 37.175, providing for interest in eminent domain actions; NRS 99.040, providing for interest in contracts cases where no other rate is provided in the contract; NRS 108.237, providing for interest in statutory lien cases; and NRS 147.220, providing for interest on claims against a decedent's estate.

[2]NRS 147.220, concerning interest on claims against the estate of a deceased, was also excluded from section 6 and thus not made prospective only.

retroactive. This argument has merit. In Bing Contr. v. Vasey-Scott Eng'r, 100 Nev. 72, 674 P.2d 1107 (1984), the plaintiff's cause of action arose prior to the 1979 amendment to NRS 99.040 and our final disposition of the case occurred after the 1981 amendment. However, we determined that the statutory rate in effect at the time of the district court's judgment was the appropriate rate of interest on the judgment under NRS 99.040. Thus, prejudgment and postjudgment interest was allowed on the debt at the statutory rate of 8 percent per annum. *See also* Laughlin Recreational v. Zab Dev., 98 Nev. 285, 646 P.2d 555 (1982); Daniel v. Hilton Hotels Corp., 98 Nev. 113, 116 n. 2, 642 P.2d 1086, 1088 (1982). Although the interest question in those cases was not directly considered in the light presented in this appeal, the conclusion that the appropriate interest rate is the statutory rate in effect at the time of the judgment is consistent with the legislative directive that NRS 99.040 not be given prospective application only. We conclude, therefore, that the district court properly allowed interest on the judgment at the rate of 12 percent per annum from the time the debt became due until satisfied. Accordingly, we modify our prior opinion and affirm the judgment of the district court in all respects.