BHY TRUCKING, INC.; ROY L. BARROW; PEARSON TRUCKING AND RIGGING, INC., Appellants, *v.* JOSEPH HICKS, dba HICKS ENGINEERING CO., Respondent.

No. 16688

June 26, 1986                                           720 P.2d 1229

[Rehearing denied September 4, 1986]

*Barker, Gillock & Perry* and *Ken Bick,* Reno, for Appellants Pearson and BHY Trucking, Leeder, Sferrazza & Zeh, Reno, for Appellant Roy L. Barrow.

*Durney & Brennan,* Reno, for Respondent.

## OPINION

*Per Curiam:*

This is the second time these parties have been before this court. In Hicks v. BHY Trucking, 99 Nev. 519, 665 P.2d 253 (1983), this court reversed a summary judgment in favor of BHY Trucking, Inc., (BHY) and all other defendants. After trial on the merits, the district court entered judgment on a jury verdict in favor of Joseph Hicks, dba Hicks Engineering Co. (Hicks). BHY, Pearson, and Barrow now bring this appeal.

Respondent Hicks contracted with appellant Pearson Trucking and Rigging, Inc. (Pearson) to transport heavy milling machinery from Burbank, California to Reno, Nevada. Pearson then contracted with BHY Trucking to have the machinery transported to Reno. The machinery was loaded onto BHY trucks, and Hicks was informed that the load would be delivered to Reno by the following day. The machinery did not arrive as expected; and, when the shipment did arrive, the machinery had been damaged by exposure to the elements caused by shredding of the plastic tarpaulins which had covered the machines during transit.

A number of issues are raised in this appeal. We find no merit in appellants' claims that Hicks' action was barred for failure to submit a timely claim. There is ample evidence to support a finding of estoppel under our ruling in *Hicks,* above. Likewise, there is evidence to support the jury's award of damages. It does appear, however, that the trial court erred in applying an incorrect rate of interest on the judgment.

The judgment entered by the district court totaled $350,000.00. The court awarded prejudgment interest at the rate of eight percent per annum on the amount of $155,000.00, which sum represented past damages. This rate was applied from the time of service of summons to the date of the judgment. The district court also awarded post judgment interest on this same amount ($155,000.00) at the rate of twelve percent per annum, applicable from the date of judgment until the judgment is paid. Finally, the district court awarded interest on the balance of the judgment ($195,000.00) at the rate of twelve percent per annum beginning with the date of the judgment and to be applicable until the judgment is paid. As the $155,000.00 award was necessarily for past damages, the $195,000.00 must be considered as an award for future damages.

The parties disagree regarding which statute should apply to interest calculations. Hicks contends that NRS 99.040[1] applies because the action arose out of his shipping contract. Pearson and BHY argue that NRS 17.130, the general statute on computation of interest on judgments, applies. For the following reasons, we agree with Pearson and BHY.

Initially, we note that NRS 99.040 provides for an interest rate "upon all money from the time it becomes due. . . ." The judgments awarded to Hicks have nothing to do with any amounts "due" under the terms of the shipping contract. Indeed, the interest award could not be ascertained by the court until after the jury rendered its verdict. There can, therefore, be no "due date" associated with the damages in this case. Since the damages awarded to Hicks do not relate to any sum due pursuant to a promise of performance under the shipping contract, NRS 99.040 is not relevant to interest payable on the judgment in favor of Hicks. *See* Paradise Homes v. Central Surety & Ins. Corp., 84 Nev. 109, 116, 437 P.2d 78, 83 (1968).

In Wilson v. Pacific Maxon, Inc., 102 Nev. 52, 714 P.2d 1001 (1986), we resolved an issue similar to the one presently at bar. We note the following language in the *Wilson* opinion:

> Wilson claims the damages awarded in this case were not contract damages because PMI sued to rescind the contract. Further, Wilson argues that PMI's original claims sounded in fraud, making the damages awarded tort damages to which NRS 17.130(2) applies. We disagree. A suit for rescission of a contract is a suit arising out of a contract to which NRS 99.040 applies. More importantly, in an earlier opinion in this case, we disposed of PMI's tort claims and remanded only the contract questions to the district court. [citation omitted] Therefore, NRS 99.040 governs the award of interest in this case.

102 Nev. 53-54, 714 P.2d at 1002.

---

[1]NRS 99.040 provides:

99.040 Interest rate when no express written contract.

When there is no express contract in writing fixing a different rate of interest, interest must be allowed at the rate of 12 percent per annum upon all money from the time it becomes due, in the following cases:

1. Upon contracts, express or implied, other than book accounts.

2. Upon the settlement of book or store accounts from the day on which the balance is ascertained.

3. Upon money received to the use and benefit of another and detained without his consent.

4. Upon wages or salary, if it is unpaid when due, after demand therefor has been made.

The provisions of this section do not apply to money owed for the construction or remodeling of a building pursuant to NRS 624.325.

Our decision in *Wilson* was based on an action for rescission, which is a remedy peculiar to contracts and not applicable to actions sounding in tort. In the present case, Hicks was seeking general damages rather than pursuing a remedy peculiar to an action *ex contractu* such as PMI elected to pursue in *Wilson*, above.

Additionally, Hicks' action against Pearson and BHY was for negligent performance of the shipping contract and did not arise from a specific promise or term in the contract. The damage caused to Hicks' machinery was the result of negligent application of the tarpaulins which were intended to protect the machinery from the elements in transit. The duty on the part of Pearson and BHY to use reasonable care in protecting the machinery from harm was imposed by law rather than through specific terms or promises under the shipping contract. We also observe that the action was pleaded in negligence as well as breach of contract. The entire action sounds in tort rather than breach of the specific terms of the contract; the proper statute to apply for computing interest on the judgment is NRS 17.130.

Although it appears that the district court applied NRS 17.130 to determine interest on the judgment,[2] Pearson and BHY correctly contend that the lower court applied interest at rates which only came into effect by virtue of two amendments of NRS 17.130 which became effective after Hicks filed his complaint. The 1979 amending statute provided that "the provisions of this act apply to all actions and proceedings filed on or after July 1, 1979." 1979 Nev. Stats. ch. 448, § 6 at 831. The 1981 amending statute provides that the act will only apply "to all causes of action which arise after July 1, 1981." 1981 Nev. Stats. ch. 739,

---

[2]The current version of NRS 17.130 provides:

17.130 Computation of amount of judgment; interest.

1. In all judgments and decrees, rendered by any court of justice, for any debt, damages or costs, and in all executions issued thereon, the amount must be computed, as near as may be, in dollars and cents, rejecting smaller fractions, and no judgment, or other proceedings, may be considered erroneous for that omission.

2. When no rate of interest is provided by contract or otherwise by law, or specified in the judgment, the judgment draws interest at the rate of 12 percent per annum from the time of service of the summons and complaint until satisfied, except for any amount representing future damages, which draws interest at that rate only from the time of the entry of the judgment until satisfied.

This statute was amended in 1979 changing, *inter alia,* the interest rate from seven percent per annum to eight percent per annum. 1979 Nev. Stats. ch. 448, § 2 at 830. The statute was again amended in 1981 changing the interest rate from eight percent to twelve percent. 1981 Nev. Stats. ch. 739, § 1 at 1858.

§ 6 at 1859. The complaint in this action was filed on February 9, 1979, before either of these amendments became effective. Thus, neither the 1979 nor the 1981 amendment of NRS 17.130 were intended to apply to this action. Arnold v. Mt. Wheeler Power Co., 101 Nev. 612, 707 P.2d 1137 (1985).

NRS 17.130(2) as it existed at the time the complaint in this action was filed provided: "2. When no rate of interest is provided by contract or otherwise by law, or specified in the judgment, the judgment shall draw interest at the rate of 7 percent per annum from the time of entry of the judgment until satisfied." 1979 Nev. Stats. ch. 448, § 2 at 830. This former version of the statute does not distinguish between pre-judgment interest and post-judgment interest; nor does it distinguish between past and future damages as the present version does. The statute merely provides for interest at seven percent per annum starting with the date of entry of the judgment and ending upon payment. Therefore, we hold that the lower court's assessment of interest was incorrect and must be vacated and replaced with a rate of seven percent per annum assessed on the entire judgment ($350,000.00) beginning with the date of entry of the judgment until paid. Accordingly, we reverse this portion of the district court's ruling and remand for a modification of the judgment.