*1292 OPINION

Per Curiam:

FACTS

In 1989, appellants/cross-respondents Carlos A. and Ondy Valladares “Valladares” owned a five-acre parcel of land in northwest Las Vegas. Desiring to subdivide the property into eight lots, Valladares enlisted respondent/cross-appellant DMJ, Inc. dba Southwest Engineering (“Southwest”) to survey, parcel and water map the land. The two parties signed a contract in February 1989, calling for a maximum price of $4,500.00 with an initial retainer of $1,000.00. The contract provided for Southwest to complete the work in “as expedient and rapid [a] manner as possible.” This was the second such project Southwest had agreed to perform for Valladares, the first having gone smoothly.
Southwest filed a certificate of land division in May 1989. However, the record indicates that in April 1989, following a Southwest staff meeting, a hold was put on Valladares’ project. John Rinaldi, an engineer with Southwest, testified that he was directed to stop work on the project due to a problem of nonpayment from Valladares. However, Rinaldi did not notify Valla-dares of Southwest’s cessation of work on the project.
Valladares testified that he was never delinquent in his payments to Southwest. He paid an initial retainer of $1,000.00 and then payments totalling an additional $1,000.00 thereafter. Valla-dares also testified that Southwest never notified him of a need for additional documents or deeds to continue the project.
It was not until March 15, 1990, more than one year after the project had begun, that Southwest finally submitted a water rights application. Prior to this, on March 2, 1990, an order from the state engineer’s office took effect limiting the number of gallons that could be taken from a well. Prior to this order, one well would have sufficed for all eight lots. However, the new order necessitated the drilling of an additional well, the cost of which was $21,436.71 for Valladares.
*1293 Valladares testified that he had inquired as to the progress of the project in early 1990 and was given no satisfactory explanation for the delay. Accordingly, he terminated Southwest’s services and hired another engineer to complete the project for $6,500.00. Valladares then filed this action against Southwest for breach of contract and damages for the cost of an additional well. Southwest counterclaimed for nonpayment.
A one-day trial was held after which the district court dismissed Southwest’s counterclaims. The district court found for Valladares and awarded him $25,636.71 in damages. The court calculated the damages by combining the cost of the additional well ($21,436.71) with the difference between the Southwest contract price of $4,500.00 and the second contract price of $6,500.00. The court also subtracted $300.00 for the value of the certificate of land division that Southwest had obtained for Valla-dares. In addition, the court awarded Valladares $2,500.00 for the diminution in value of one lot due to the additional well.
Prior to the filing of the findings of fact, conclusions of law and judgment on March 24, 1993, Valladares filed a memorandum of costs on March 19, 1993, wherein he claimed witness fees of $216.00. On May 7, 1993, Valladares filed a motion to amend the memorandum to add expert witness fees in the amount of $2,090.00. In his motion, Valladares claimed that he had not received a bill from his expert witness at the time he had filed his first memorandum of costs. The district court denied the motion on the ground that NRS 18.110 does not permit such amendments beyond the five-day limit for filing the memorandum of costs. Valladares appeals and Southwest cross-appeals. Valladares argues that the district court erred by denying his motion to amend the memorandum of costs and that the district court erred in calculating damages. Southwest argues that the district court erred by concluding that damages from drilling an additional well were foreseeable.

DISCUSSION

Valladares contends that the district court abused its discretion in denying his motion to amend the memorandum of costs in light of the fact that he did not receive a bill from his expert witness until after the district court’s judgment had been filed. We disagree. NRS 18.110(1) provides that a memorandum of costs must be filed within five days of entry of judgment, “or such further time as the court or judge may grant.” (Emphasis added.) Accordingly, an abuse of discretion standard applies. In this case, judgment was entered on March 24, 1993. Valladares received *1294 the bill from his expert witness on April 8, 1993, but did not file an amended memorandum of costs until April 21, 1993, thirteen days later. Further, Valladares did not file a motion to amend until May 7, 1993, twenty-nine days after receiving the bill. In view of this lack of diligence, we cannot conclude that the district court abused its discretion in denying Valladares’ motion.
Valladares also appeals the district court’s calculation of damages, arguing that the court erred in failing to take into account the $2,000.00 he paid toward the Southwest contract for services that were never rendered. We agree, noting that evidence was presented at trial as to Valladares’ remittance of $2,000.00 toward the contract. However, in calculating damages, the district court merely subtracted the $4,500.00 contract price from the $6,500.00 Valladares was forced to pay another engineer, without taking into account Valladares’ payments to Southwest. Accordingly, we modify the district court’s calculation of damages to add the $2,000.00 Valladares paid toward the contract for services that were never rendered.
Southwest cross-appeals, arguing that the district court erred in holding that the damages incurred by Valladares in the form of drilling an additional well were foreseeable. Specifically, the district court held that Valladares’ damages were a foreseeable result of Southwest’s negligence and its breach of contract. We have held that in general, foreseeability is a question of fact. Daniel v. Hilton Hotels, 98 Nev. 113, 115, 642 P.2d 1086, 1087 (1982). On appeal, this court will not disturb a district court’s findings of fact unless those findings are clearly erroneous. Her-mann Trust v. Varco-Pruden Buildings, 106 Nev. 564, 566, 796 P.2d 590, 591-92 (1990).
In the instant case, Southwest is a company that has performed numerous projects such as the Valladares project. Therefore, Southwest would, of course, be familiar with the need to proceed in as expedient a manner as possible in submitting a water rights application. Valladares’ expert witness, Patrick Beebe, a professional engineer, testified that it normally takes approximately sixty days to prepare and submit a water rights application. In this case, Southwest took over one year to do so. Such a length of time could hardly be considered to be proceeding expediently as required under this contract. It is well known in the Las Vegas area that water regulations are often changing to answer the needs of the city’s ever-increasing population. A company such as *1295 Southwest would be well aware of this fact. Further, it would be inequitable for Valladares to be forced to pay for the results of Southwest’s extreme lack of diligence in completing the contract. Accordingly, we conclude that the district court did not err in finding that damages resulting from the necessity of an additional well were foreseeable as a result of Southwest’s delay in completing this contract.
We have carefully considered Southwest’s additional arguments on appeal and conclude that they are meritless. We hereby modify that portion of the district court’s order calculating damages and add $2,000.00. We remand to the district court for the purpose of modifying the judgment accordingly.