# IN THE SUPREME COURT OF THE STATE OF NEVADA

OCWEN LOAN SERVICING, LLC, A
FOREIGN LIMITED LIABILITY
COMPANY,
Appellant,
vs.
CHERSUS HOLDINGS, LLC, A
DOMESTIC LIMITED LIABILITY
COMPANY,
Respondent.

No. 82680

FILED

SEP 15 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING*

This is an appeal from a district court final judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Nadia Krall, Judge.[1]

In 2011, Southern Terrace Homeowners Association (the HOA) held a foreclosure sale after the former homeowners failed to pay their HOA dues. Respondent's predecessor, First 100, LLC (First 100), placed the winning bid at the sale for $3,500. Then in 2013, the first deed of trust beneficiary purported to foreclose on the first deed of trust. Appellant placed the winning bid at that sale and subsequently took possession of the property.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

In the underlying action, appellant and respondent asserted competing quiet title claims. Respondent further asserted counterclaims against appellant, which revolved around appellant having ousted respondent from the property.

In May 2019, the district court granted summary judgment for respondent on the competing quiet title claims. In doing so, it rejected appellant's argument that a "Factoring Agreement" between First 100 and the HOA depressed bidding so as to amount to fraud, unfairness, or oppression sufficient to justify setting aside the sale. *Cf. U.S. Bank, Nat'l Ass'n ND v. Res. Grp., LLC*, 135 Nev. 199, 205-06, 444 P.3d 442, 448 (2019) (reaffirming that a court may set aside a foreclosure sale if the sale is affected by "fraud, unfairness, or oppression" and that "where the inadequacy [of the winning bid] is palpable and great, very slight evidence of unfairness or irregularity is sufficient to authorize" setting aside the sale (internal quotation marks omitted)). In particular, the district court identified four issues that appellant raised with respect to the Factoring Agreement, and it concluded that none of those issues amounted to fraud, unfairness, or oppression by relying on deposition testimony from the HOA foreclosure agent's NRCP 30(b)(6) witness that explained how the Factoring Agreement did not lead to depressed bidding *in this case.*

The district court also granted summary judgment for respondent on its counterclaims for (1) wrongful foreclosure, (2) trespass/conversion, and (3) unjust enrichment. Thereafter, the district court held a prove-up hearing to establish the damages to which respondent was entitled for its counterclaims. Following the hearing, the district court entered an order in March 2021 awarding respondent roughly $77,000 in

damages for its counterclaims, which represented the amount of rental income respondent lost while appellant was in possession of the subject property. The district court also appears to have awarded respondent $3,417 in costs.[2]

Appellant first challenges the district court's finding that there was no fraud, unfairness, or oppression affecting the sale. It argues that the terms of the Factoring Agreement are themselves the evidence of fraud, unfairness, or oppression, and that the NRCP 30(b)(6) witness's testimony should have been disregarded because it was self-serving. Based on the arguments presented to the district court, however, we are not persuaded that the district court erred in finding that there was no evidence of fraud, unfairness, or oppression in this case.[3] *See Wood v. Safeway, Inc.,* 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing de novo a district court's decision to grant summary judgment); *Old Aztec Mine, Inc. v. Brown,* 97

---

[2]The district court's order is unclear in this respect. The 11 identified cost components add up to $3,417, and the district court appears to have awarded all of the cost components, even though the order ultimately purports to award only $1,364 in costs.

[3]We likewise perceive no error in the district court's conclusion that because there was *no* evidence of fraud, unfairness, or oppression, it was unnecessary to evaluate whether the sales price was grossly inadequate or whether First 100/respondent were bona fide purchasers. To the extent that appellant contends this case is identical to *U.S. Bank National Ass'n v. The Gifford W. Cochran Revocable Living Trust,* No. 77642, 2020 WL 2521786 (Nev. May 15, 2020) (Order Vacating Judgment and Remanding), we are not persuaded, as this case contains different evidence. Similarly, *Lahrs Family Trust v. JP Morgan Chase Bank, N.A.,* No. 74059, 2019 WL 4054161 (Nev. Aug. 27, 2019) (Order of Affirmance), is distinguishable because the winning bid in that case was only $100, *id.* at *1.

Nev. 49, 52, 623 P.2d 981, 983 (1981) (recognizing that this court need not consider arguments raised for the first time on appeal). Accordingly, we affirm the district court's summary judgment insofar as it adjudicated the parties' quiet title claims and determined that the HOA's foreclosure sale extinguished the first deed of trust.[4]

Appellant next contends that the district court erred in awarding respondent damages for its counterclaims. Appellant contends alternatively that (1) respondent did not introduce evidence to support its unjust enrichment counterclaim,[5] or (2) the district court abused its discretion in relying on the testimony of an untimely disclosed witness as the basis for its calculation of damages.

We are not persuaded by either argument. With respect to its first argument, appellant contends that respondent failed to introduce evidence that respondent "confer[red] a benefit" on appellant. *Cf. Certified Fire Prot. Inc. v. Precision Constr. Inc.*, 128 Nev. 371, 381, 283 P.3d 250, 257

---

[4]Appellant argued alternatively in district court that even if the HOA's foreclosure sale was not set aside, the sale did not extinguish the deed of trust. However, appellant does not pursue that argument on appeal, so we need not address that issue. *See Powell v. Liberty Mut. Fire Ins. Co.*, 127 Nev. 156, 161 n.3, 252 P.3d 668, 672 n.3 (2011) (recognizing that this court does not address issues that are not raised in an opening brief).

[5]Appellant also contends that respondent failed to introduce evidence to support its wrongful foreclosure and trespass/conversion counterclaims, but the district court did not award any damages with respect to those counterclaims beyond the roughly $77,000 in lost rental income that it awarded for the unjust enrichment counterclaim. Given our below analysis of the unjust enrichment counterclaim, we need not address appellant's arguments regarding these other two counterclaims.

(2012) ("Unjust enrichment exists when the plaintiff *confers a benefit on the defendant*, the defendant appreciates such benefit, and there is acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." (emphasis added) (internal quotation marks omitted)). In this, appellant appears to contend that because appellant did not rent out the property while it was in appellant's possession, respondent should not have been entitled to the rental income respondent would have earned if the property had remained in respondent's possession. We disagree, as the "benefit" that respondent "conferred" upon appellant was the *ability* to use the property as a source of income. *Cf. Leasepartners Corp. v. Robert L. Brooks Tr. Dated Nov. 12, 1975*, 113 Nev. 747, 756, 942 P.2d 182, 187 (1997) ("The doctrine of unjust enrichment or recovery in quasi contract applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or should pay for]." (alteration in original)). Appellant cannot "in good conscience" avoid liability to respondent by preventing respondent from renting out the property and then deciding not to use the property in the way respondent would have used it.[6]  Accordingly, we agree with the district court that

---

[6]Appellant does not dispute that respondent would have rented out the property if respondent retained possession of it. Had there been such a dispute, our analysis of this issue may have been different. Relatedly, although there appears to be confusion as to whether appellant, respondent, a tenant, or a squatter "possessed" the property during the relevant time frame, appellant has not coherently argued on appeal that this issue warrants reversal of the damages award.

respondent introduced evidence to support its unjust enrichment counterclaim.

With respect to appellant's second argument, appellant contends that the district court abused its discretion in relying on the testimony of respondent's expert witness when respondent failed to comply with NRCP 16.1(a)'s disclosure requirements.[7] *See Otis Elevator Co. v. Reid*, 101 Nev. 515, 523, 706 P.2d 1378, 1383 (1985) (recognizing that district courts have discretion to admit the testimony of an untimely disclosed witness). We disagree. Although appellant did not disclose its expert witness until October 2019, which was after the close of discovery, the prove-up hearing was not held until March 2021. Appellant again objected to the untimely disclosure at that hearing, which the district court overruled. We conclude that the necessary implication behind the district court's decision is that the untimely disclosure was harmless, given that respondent had roughly a year and a half to investigate or challenge the expert witness's opinions and report. *See* NRCP 37(c)(1). Accordingly, we affirm the district court's March 2021 award insofar as it awarded respondent damages.

Appellant finally contends that the district court erred in awarding respondent its costs. Appellant contends alternatively that (1) respondent failed to timely file a memorandum of costs, or (2) respondent failed to provide sufficient documentation supporting its request for costs

---

[7]Appellant also contends that the district court abused its discretion by finding the witness was qualified to provide expert testimony. However, appellant did not raise this argument below. We therefore decline to address it. *Old Aztec Mine*, 97 Nev. at 52, 623 P.2d at 983.

SUPREME COURT
OF
NEVADA

(O) 1947A

with respect to five deposition transcripts. With respect to appellant's first argument, respondent filed its memorandum of costs five months after the district court's May 2019 summary judgment order, which is well beyond the allotted time frame. *See* NRS 18.110(1) ("The party in whose favor judgment is rendered, and who claims costs, must file with the clerk, and serve a copy upon the adverse party, within 5 days after entry of judgment, or such further time as the court or judge may grant, a memorandum of the items of the costs in the action or proceeding . . . ."). At the March 4, 2021, prove-up hearing, however, respondent's counsel cited *Barbara Ann Hollier Trust v. Shack*, 131 Nev. 582, 591, 589, 356 P.3d 1085, 1089 (2015), as support for the proposition that appellant's motion to reconsider the May 2019 summary judgment order tolled NRS 18.110's five-day time frame. While *Shack* involved the tolling of NRCP 54(d)(2)(B) (as opposed to NRS 18.110(1)) and involved tolling of a final judgment (which is not the case here), we nevertheless conclude that *Shack* provided sufficient justification for the district court to grant respondent "further time" to file its memorandum of costs. NRS 11.1180(1); *see Valladares v. DMJ, Inc.*, 110 Nev. 1291, 1293, 885 P.2d 580, 582 (1994) (reviewing for an abuse of discretion a district court's decision to grant or deny a time extension under NRS 18.110(1)).

With respect to appellant's second argument, appellant contends that respondent failed to produce sufficient documentation regarding the costs for the deposition transcripts because respondent did not specify *whose* depositions were taken. Respondent does not address this argument, which we deem to be a confession of error. *See Ozawa v. Vision Airlines, Inc.*, 125 Nev. 556, 563, 216 P.3d 788, 793 (2009) (recognizing that

failure to respond to an argument can be treated as a confession that the argument is meritorious). Accordingly, we reverse the district court's March 2021 order insofar as it awarded costs for the five deposition transcripts.

Consistent with the foregoing, we

ORDER the judgments of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.[8]

_____, C.J.
Parraguirre

_____, J.
Cadish

_____, Sr.J.
Gibbons

cc: Hon. Nadia Krall, District Judge
Kristine M. Kuzemka, Settlement Judge
Troutman Pepper Hamilton Sanders LLP/Atlanta
Wright, Finlay & Zak, LLP/Las Vegas
The Law Office of Vernon Nelson
Eighth District Court Clerk

---

[8]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.