PAUL STANLEY CARTER, Appellant, v. R. S. BARBASH and DARROL H. MORRISON, Doing Business as COLLECTION SERVICE OF NEVADA, Respondents.

No. 5053

July 25, 1966                    417 P.2d 154

*Roger L. Erickson,* of Reno, for Appellant.

*Loyal Robert Hibbs* and *Michael V. Roth,* of Reno, for Respondents.

## OPINION

By the Court, COLLINS, J.:

Paul Stanley Carter, appellant, pleaded guilty on January 17, 1958 to embezzlement of $2,683.50 from Nevada Bank of Commerce. He was placed on 5 years' probation by the U.S. District Court and ordered to make restitution in monthly payments of $44.70. He was discharged from probation on January 21, 1963, by which time he had repaid $980.00. Subsequently he paid additional amounts, all of which were applied only to the principal due, none to interest. When this action was commenced he admittedly still owed $1,528.50 of the amount embezzled.

A surety company paid the bank the funds embezzled and then assigned its cause of action to respondents who brought suit. The trial court heard the matter upon an agreed statement of facts, in which the principal amount was admitted to be owed, but contested the allowance of any interest. That court entered judgment for respondents and ordered appellant to pay interest at the statutory rate of 7 percent per annum on the entire sum embezzled, $2,683.50, from January 17, 1958 to November 4, 1965, date of judgment. Costs and an attorney's fee were also awarded respondents which are not in dispute.

Appellant contends the trial court was in error in awarding any interest because there was an agreement between appellant and the surety company by which no interest would be charged and thus NRS 99.050[1] would

---

[1]"99.050   Limitations on agreed interest rates.

"1.   Parties may agree, for the payment of any rate of interest on money due, or to become due, on any contract, not exceeding, however, the rate of 12 percent per annum. Any judgment rendered on any such contract shall conform thereto, and shall bear the interest agreed upon by the parties, and which shall be specified

preclude the award of interest. Other grounds of error were urged but they are without merit. Subordinately, the appellant contends that the respondents waived their right to interest or were estopped by their conduct in claiming interest. We need not relate the facts upon which the claims of waiver and estoppel are said to rest, because the appellant did not plead either of those affirmative defenses as required by NRCP 8(c). Ray Motor Lodge, Inc. v. Shatz, 80 Nev. 114, 390 P.2d 42 (1964); Coray v. Hom, 80 Nev. 39, 389 P.2d 76 (1964); Chisholm v. Redfield, 75 Nev. 502, 347 P.2d 523 (1959).

As found by the trial court, the record fails to establish any agreement between Carter and the surety company foregoing interest on the embezzled funds. Instead, that court found Carter owed interest on funds belonging to another and wrongfully converted to his own use, citing McCormick on Damages, p. 214. The surety company, having reimbursed the bank, was subrogated to its right to recover from appellant and entitled to prevail. The court then found respondents entitled to interest at 7 percent per annum from the date the amount became liquidated and due January 17, 1958, as authorized by NRS 99.040,[2] and particularly subsection 4 thereof.

---

in the judgment; but only the amount of the original claim or demand shall draw interest after judgment.

"2. Any agreement for a greater rate of interest than herein specified shall be null and void and of no effect as to such excessive rate of interest."

[2]"99.040 Interest rate when no express written contract. When there is no express contract in writing fixing a different rate of interest, interest shall be allowed at the rate of 7 percent per annum upon all money from the time it becomes due, in the following cases:

"1. Upon contracts, express or implied, other than book accounts.

"2. Upon the settlement of book or store accounts from the day on which the balance is ascertained.

"3. Upon judgment rendered by a court in this state.

"4. Upon money received to the use and benefit of another and detained without his consent.

"5. Upon wages or salary, if the same shall be unpaid when due, after demand therefor has been made."

There was evidence to sustain such finding, no error in application of the law, and we sustain the judgment, as hereinafter modified, Ormachea v. Ormachea, 67 Nev. 273, 217 P.2d 355 (1950), and cases cited therein.

Appellant further contends that if interest is allowable, it should be permitted only upon the amount of $1,528.50, the principal unpaid at the date of the judgment, November 4, 1965, prospectively. Respondents urge it should be paid on $1,722.18, the amount sued for, but from the date the amount of embezzled funds became liquidated, January 17, 1958. The sum $1,722.18 should be reduced by $18.68, an amount sought in an unrelated third cause of action by respondents against appellant. The principal figure to which interest applies would be then $1,703.50.

Respondents' complaint makes no allegation regarding interest, but the prayer asks judgment for interest on $1,722.18 (corrected to $1,703.50 as stated above) "from the date due." This form of complaint for money had and received of another is in compliance with that suggested in NRCP, Appendix of Forms, No. 8. Respondents, having prayed for that amount are presumed to have stated their side of the controversy as strongly and as favorably as all the facts known to them would permit. They are deemed to have waived any greater recovery. Ser-Bye Corporation v. C. P. & G. Markets, 78 Cal.App.2d 915, 179 P.2d 342 (1947); Pry v. Pry, 225 Ind. 458, 75 N.E.2d 909 (1947); State ex rel. Stockton v. Leopold, 227 Ind. 426, 86 N.E.2d 530 (1949).

We therefore affirm the holding but direct the matter be remanded to the trial court for recalculation of interest on $1,703.50 from January 17, 1958 until the date of judgment and thereafter until satisfied at the rate of 7 percent per annum.

THOMPSON, J., and ZENOFF, D. J., concur.