FIRST INTERSTATE BANK OF NEVADA, a National Banking Association, Appellant, v. CHRISTOPHER E. GREEN, ROBERT C. HOLLAND and THOMAS A. MERCURIO, Individually and Doing Business as CRT ASSOCIATES, Respondents.

No. 15171

January 22, 1985 694 P.2d 496

*Gregory D. Corn*, Reno, for Appellant.

*Mark H. Gunderson,* Reno, for Respondents.

## OPINION

*Per Curiam:*

First Interstate Bank (FIB) appeals a summary judgment granted against it and in favor of respondent CRT Associates. Because we believe the undisputed facts favor FIB, we reverse and remand to the district court to determine the remaining disputed fact.

In their briefs and at oral argument, both parties concede all but one fact. There is no dispute that CRT maintained a commercial checking account at FIB, and due to the bank's clerical error, CRT was the recipient of $100,000 of FIB's money. The error took place on October 1, 1981, when CRT deposited a $100,000 draft, but was credited with $200,000. FIB became aware of the error on December 18, 1981; CRT was advised on January 5, 1982. Before advising CRT of the erroneous transfer, FIB froze CRT's bank account.[1] FIB filed suit on January 29, 1982, after conversations with CRT executives on January 5 and 10. On April 30, 1982, FIB offered to consent to a judgment in its favor for the money due, along with interest from January 5, 1982, until paid, and attorney's fees of $1,250. CRT paid the amount sued for on June 10, 1982, but contested any payment of interest or attorney's fees. The only remaining factual dispute is the date CRT actually knew it had FIB's money, knew the amount of the money due, and refused to return it.

In reviewing an order granting summary judgment this court

---

[1] CRT had $16,417.48 in its account. Neither party explains the $10 discrepancy in their calculations: $100,000 minus the frozen $16,417.48 is actually $83,582.52. FIB sued for and CRT paid $83,572.48.

will consider all evidence in a light most favorable to the party who lost on the motion. Bowyer v. Davidson, 94 Nev. 718, 728, 584 P.2d 686, 687 (1978). Summary judgment under NRCP 56 is proper only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, and where no genuine issue remains for trial. Short v. Hotel Riviera, Inc., 79 Nev. 94, 103, 378 P.2d 979, 984 (1963). As the parties still dispute the date on which CRT knowingly appropriated FIB's money, summary judgment was improper. That date must be determined by the district court, and it appears that only through the protections of cross-examination will the truth be revealed.[2]

The only issues for this court to decide, then, are whether the district court properly determined no interest was recoverable by FIB from the date of knowing appropriation by CRT to the date of agreed payment, and whether the district court could award attorney's fees.

## INTEREST

NRS 99.040(3) governs the award of interest in this case, and provides, in pertinent part:

> [w]hen there is no express contract in writing fixing a different rate of interest, interest must be allowed at the rate of 12 percent per annum upon all money *from the time it becomes due,* in the following cases . . . *[u]pon money received to the use and benefit of another and detained without his consent.* (Emphasis added.)

As it is undisputed that CRT deliberately deprived FIB of the use of its funds for some yet to be determined time, and as CRT had the use and benefit of the money, the statute allows recovery of 12 percent interest[3] for the period of wrongful retention of the funds. Where a party is entitled to repayment on a certain date, and payment is not made, interest is recoverable from the date due. *See* Sierra Pacific Power Co. v. Nye, 80 Nev. 88, 389 P.2d 387 (1964); Carter v. Barbash, 82 Nev. 289, 417 P.2d 154 (1966).

---

[2]At oral argument, counsel for both parties could not agree on the date from which interest should run. To avoid the necessity of a trial to determine this single fact, we ordered the parties to try to settle this dispute, and allowed 30 days to do so. Within 10 days of oral argument, we were advised the parties could not reach an agreement. Thus, the parties have not yet resolved the single remaining disputed fact.

[3]Although FIB originally sought 16 percent interest for the time the money was knowingly withheld, at oral argument counsel conceded that the bank would accept 12 percent interest.

Therefore, the district court erred in determining no interest is recoverable.

## ATTORNEY'S FEES

Attorney's fees are not recoverable in Nevada unless authorized by statute, rule, or agreement between the parties. Locken v. Locken, 98 Nev. 369, 650 P.2d 803 (1982). As no agreement or rule is involved here, the lower court *may* award FIB attorney's fees as the prevailing party only if the bank recovers no more than $10,000. NRS 18.010(2)(a).[4]

The total amount of the *judgment* is to be considered in calculating eligibility under NRS 18.010(2)(a). Peterson v. Freeman, 86 Nev. 850, 856, 477 P.2d 876, 880 (1970). As the money due in this case has been paid, only the prejudgment interest will be awarded in the lower court's judgment. Prejudgment interest, however, "should not be included with the principal in calculating the eligibility of a plaintiff as a prevailing party for an award of attorney's fees" within the statute. Mays v. Todaro, 97 Nev. 195, 198, 626 P.2d 260, 262 (1981). For purposes of determining eligibility of attorney's fees, then, FIB will recover by judgment no more than $10,000, and NRS 18.010(2)(a) does not bar attorney's fees. Thus, the district court, weighing the equities of the action, including the fact that FIB made the initial error in the transfer of funds, *may* award attorney's fees.

The judgment is reversed. This matter is remanded to the district court for proceedings consistent with this opinion.

---

[4]NRS 18.010(2) states:

The court may make an allowance of attorney's fees to:

(a) The plaintiff as prevailing party when the plaintiff has not recovered more than $10,000.