STATE DRYWALL, INC., A NEVADA CORPORATION, DBA STATE INSULATION & DRYWALL, APPELLANT, *v.* RHODES DESIGN & DEVELOPMENT, A NEVADA CORPORATION, DBA RHODES HOMES, RESPONDENT.

No. 42422

February 9, 2006        127 P.3d 1082

*Gibbs, Giden, Locher & Turner, LLP,* and *Ronald S. Sofen*, Las Vegas, for Appellant.

*Law Offices of Corby D. Arnold* and *Corby D. Arnold*, Las Vegas, for Respondent.

# OPINION

By the Court, HARDESTY, J.:

In this breach of contract action, we conclude that a plaintiff is entitled to prejudgment interest on money paid under the contract during a pending collection suit, even though that payment is not included in the principal amount of the subsequent judgment. Further, for purposes of determining cost-shifting under NRCP 68(g) and NRS 17.115(5), we conclude that pre-offer prejudgment interest must be computed on payments made during the pendency of the suit and added to the actual judgment when it is compared to the offer of judgment despite the offer's silence on the inclusion of interest.

## *BACKGROUND*

This case arises out of a breach of contract dispute between appellant State Drywall, Inc., and respondent Rhodes Design &

Development. Rhodes, the general contractor for a residential housing development, had contracted with State Drywall to perform insulation, drywall, and painting work on several houses. After the work was completed, Rhodes failed to pay State Drywall for part of the work, the last unpaid invoice for which became due on January 21, 1999. As a result, State Drywall filed suit against Rhodes in April 1999 for breach of contract, seeking collection for the balance due.[2]

While the litigation was pending, Rhodes paid State Drywall two payments on the contract, $26,500 in December 1999 and $81,250.02 in October 2002. After making the payments, but before trial, Rhodes made an offer of judgment under NRS 17.115 and NRCP 68 for $180,000, inclusive of costs. State Drywall did not accept the offer.

Following a bench trial, the district court found that Rhodes had breached its contract with State Drywall. Relying on a special master's report that determined the balance due, the district court awarded State Drywall $106,502.01. The amount of the report and award did not include the payments made by Rhodes while the litigation was pending. The court also awarded State Drywall $42,244.02 in prejudgment interest on the judgment, calculated from the date the last invoice became due, January 21, 1999, to the date of Rhodes's offer of judgment, June 10, 2003. The district court, however, did not award prejudgment interest on the two payments Rhodes made to State Drywall during the litigation, finding that because those payments were not part of the judgment, they could not earn prejudgment interest.[3]

Thereafter, the district court conducted a cost-shifting analysis under NRS 17.115 and NRCP 68 and compared the offer of judgment to the actual judgment plus pre-offer prejudgment interest thereon. After doing so, the court awarded Rhodes costs and attorney fees, finding that State Drywall had not obtained a more favorable judgment than Rhodes's offer. State Drywall appeals.

### DISCUSSION

On appeal, State Drywall contends that the district court should have awarded it prejudgment interest on the two payments that Rhodes made before trial and added that prejudgment interest to

---

[2]State Drywall also filed a claim against Rhodes's surety of bonds because of mechanic's liens placed on properties for which State Drywall did work but was not paid. The bonds were exonerated when Rhodes satisfied the judgment.

[3]State Drywall calculated prejudgment interest of $2,222.03 due on the first payment and $28,841.90 due on the second payment for a total of $31,063.93.

the judgment in making the comparison to the offer of judgment under NRS 17.115(5) and NRCP 68(g).[4] We agree.

*Determination of the proper statute to calculate prejudgment interest*

Before reaching State Drywall's arguments, however, we must first determine which of two statutes governs the calculation of prejudgment interest. State Drywall contends that the general prejudgment interest provision for contractual matters, NRS 99.040(1), is controlling because this is a contract dispute and Rhodes owed its payment to State Drywall on a particular date. Conversely, Rhodes argues that NRS 17.130(2), the general statute for calculating interest ''[w]hen no rate of interest is provided by contract or otherwise by law,'' governs because NRS 99.040(2)(b) states that NRS 99.040(1) does not apply to money owed ''[b]y a contractor to his subcontractor pursuant to NRS 624.630.'' Rhodes contends that because it was a general contractor and State Drywall was a subcontractor, subsection (2)(b) precludes the calculation of prejudgment interest under NRS 99.040(1).

The district court calculated interest under NRS 99.040(1), as is evident from the court's conclusion of law that prejudgment interest should be calculated from January 21, 1999, the date that

---

[4]In comparing the judgment with Rhodes's offer of judgment under NRS 17.115(5) and NRCP 68(g), the district court included its award, pre-offer prejudgment interest on the award, and State Drywall's costs in the judgment amount. Although Rhodes's offer explicitly stated that it included costs, Rhodes also agreed in its motion for attorney fees and costs that prejudgment interest on the entire judgment should be included in the comparison.

We note that Rhodes's apparent agreement to add State Drywall's costs to the judgment is contrary to the 1999 amendments to NRS 17.115(5). Under that version of the statute, State Drywall's costs were to be added to the *offer* and compared to the principal amount of the judgment. This would create an unfair comparison by adding the offeree's costs to the offeror's offer, but not to the judgment. In some cases, costs could exceed the judgment, making it impossible for an offeree to achieve a more favorable judgment at trial. The Legislature addressed this potential inequity in 2005 by amending NRS 17.115(5), changing the comparison of an offer with costs to the judgment *plus* the offeree's pre-offer costs. As this latest amendment was intended to merely clarify the comparison to be made when the offer of judgment precludes a separate award of costs, it applies retroactively. *See* Hearing on A.B. 166 Before the Assembly Judiciary Comm., 73d Leg. (Nev., March 16, 2005); 2005 Nev. Stat., ch. 58, § 1, at 116; *Gilman v. State, Bd. of Vet. Med. Exam'rs*, 120 Nev. 263, 275, 89 P.3d 1000, 1008 (2004). Accordingly, district courts must add the offeree's pre-offer costs to the judgment when comparing an offer of judgment that is inclusive of costs.

Rhodes's final payment was due to State Drywall.[5] We review a district court's statutory interpretations de novo.[6] The district court properly concluded that NRS 99.040(1) governs prejudgment interest in this case.

NRS 99.040(2)(b) provides that the statute is inapplicable to a contractor's payments owed under NRS 624.630. NRS 624.630 governs the timing of payments made to subcontractors out of funds received by a contractor from an owner. Thus, NRS 99.040(2)(b) only limits the application of that statute when a contractor's failure to pay its subcontractor is the direct result of not having received the necessary funds from the owner. Here, Rhodes's reason for withholding payment to State Drywall was not the result of an owner's failure to pay Rhodes. Consequently, NRS 624.630 is inapplicable to this case, and calculating prejudgment interest under NRS 99.040(1) is not limited by NRS 99.040(2)(b).

NRS 99.040(1) addresses how to calculate interest when no express contractual provision fixes an interest rate.[7] Under that statute, interest is calculated ''upon all money from the time it becomes due.''[8] Thus, in a breach of contract action, NRS 99.040(1) applies to the calculation of interest when the amount is due on an ascertainable date.[9] Because this case involves a contractual amount for which an ascertainable due date exists, NRS 99.040, not NRS 17.130(2), applies.

*Prejudgment interest on contractual payments after suit and before trial*

We now turn to whether State Drywall should have been awarded prejudgment interest on the two payments Rhodes made to State Drywall after State Drywall filed its complaint but before trial. Rhodes contends that the district court correctly denied pre-

---

[5]Under NRS 17.130(2), prejudgment interest would have been calculated from the time of service of the summons and complaint.

[6]*Borger v. Dist. Ct.*, 120 Nev. 1021, 1026, 102 P.3d 600, 604 (2004) (citing *Birth Mother v. Adoptive Parents*, 118 Nev. 972, 974, 59 P.3d 1233, 1235 (2002)).

[7]NRS 99.040(1)(a); *see also Wilson v. Pacific Maxon, Inc.*, 102 Nev. 52, 53-54, 714 P.2d 1001, 1002 (1986) (holding that NRS 99.040 applies to actions in contract).

[8]NRS 99.040(1).

[9]*See Paradise Homes v. Central Surety*, 84 Nev. 109, 116-17, 437 P.2d 78, 83-84 (1968) (applying NRS 99.040 in a contract action seeking money damages where a definite sum of money was due on the date the contract was breached); *cf. BHY Trucking v. Hicks*, 102 Nev. 331, 333, 720 P.2d 1229, 1230-31 (1986) (refusing to apply NRS 99.040 because plaintiff's damages did not relate to any sum due pursuant to a promise of performance under contract).

judgment interest on those payments because they are not technically part of the judgment. However, Rhodes relies solely on NRS 17.130(2). Because we have concluded that NRS 99.040(1)—and not NRS 17.130(2)—governs the prejudgment interest calculation in this case, the issue must be reviewed under that statute's terms.

When a statute's language is plain and unambiguous, and its meaning is clear and unmistakable, we may not look beyond the statute for a different meaning or construction.[10] The plain language of NRS 99.040(1) states that for cases falling under its purview, interest must be allowed "upon all money from the time it becomes due." The statute in no way limits prejudgment interest only to amounts contained within the court's ultimate judgment. Rather, prejudgment interest should be calculated for "all money" owed under the contract from the date it becomes due until the date it is paid or an offer of judgment is made. Our prior case law and Nevada public policy also support this conclusion.

In *First Interstate Bank v. Green*, we concluded that prejudgment interest under NRS 99.040(1) should be added to money paid before trial where the defendant deliberately deprives the plaintiff of the money's use for some specified time.[11] In that case, a suit to recover an overpayment was filed, but before trial, the plaintiff consented to the defendant's offer of judgment for the amount overpaid, plus interest thereon and attorney fees.[12] The defendant paid the amount due but did not pay interest or attorney fees.[13] Although the district court had determined that interest was not recoverable,[14] we reversed, holding that "[w]here a party is entitled to repayment on a certain date, and payment is not made, interest is recoverable from the date due."[15] The rationale for our holding in *First Interstate Bank* was that the defendant deprived the plaintiff of money to which the plaintiff was entitled. Therefore, in order to compensate the plaintiff adequately for the time it was deprived of its funds, the defendant was required to pay interest.

In addition to the adequate compensation rationale expressed in *First Interstate Bank*, our conclusion that prejudgment interest is

---

[10]*DeStefano v. Berkus*, 121 Nev. 627, 629, 119 P.3d 1238, 1239-40 (2005) (citing *State, Div. of Insurance v. State Farm*, 116 Nev. 290, 293, 995 P.2d 482, 485 (2000)).

[11]101 Nev. 113, 115, 694 P.2d 496, 497-98 (1985). We note that although NRS 99.040 has been amended twice since our decision in *First Interstate Bank*, the amendments do not affect our analysis of this issue.

[12]*First Interstate Bank*, 101 Nev. at 114, 694 P.2d at 497.

[13]*Id.*

[14]*Id.* at 115, 694 P.2d at 497.

[15]*Id.* at 115, 694 P.2d at 498.

owed on contract amounts paid during litigation also serves an important public policy goal. If interest were not recoverable on amounts owed to the plaintiff and paid by the defendant after the complaint was filed but before trial, then a defendant worried about losing at trial could pay some or all of the money before trial and avoid paying interest on that amount. Such a result is fundamentally unfair. A defendant in a collection case could then avoid interest, yet still delay payment until just before trial. Permitting this tactic would circumvent the mandates of our prejudgment interest statutes.

Here, the special master deducted Rhodes's December 1999 and October 2002 payments from the total amount due, at the latest, on January 21, 1999, to arrive at the $106,502.01 total amount owed. Implicit in the special master's calculation is the idea that the two prior payments would have been included in the final judgment had Rhodes not paid those amounts before trial. Therefore, State Drywall is entitled to prejudgment interest, which should be added to the final judgment in this matter, calculated on: (1) $26,500 from January 21, 1999, to December 1, 1999; and (2) $81,250.02 from January 21, 1999, to October 15, 2002.

*Inclusion of prejudgment interest in the judgment when it is compared to an offer of judgment*

Under NRS 17.115(4) and NRCP 68(f), when a party makes an offer of judgment, and the offeree rejects the offer and later fails to obtain a judgment more favorable than the offer, then the offeree may pay certain costs and attorney fees to the offeror. In order to determine whether the offeree failed to obtain a more favorable judgment, the court must compare the judgment to the offer of judgment.[16]

In a matter of first impression for this court, we hold that pre-offer prejudgment interest must be added to the judgment when comparing it to the offer of judgment, unless the offeror clearly intended to exclude prejudgment interest from its offer.[17] Further, the amount of the pre-offer prejudgment interest that must be added to the judgment includes any interest calculated on pre-offer contractual payments made by the offeror during the pendency of the litigation.

Currently, both NRS 17.115(5) and NRCP 68(g) are silent on including prejudgment interest in the comparison. But, in order to

---

[16]*See* NRS 17.115(5); NRCP 68(g).

[17]*McCrary v. Bianco*, 122 Nev. 102, 109-10, 131 P.3d 573, 577-78 (2006).

achieve a balanced comparison, we conclude that pre-offer pre-judgment interest must be added to the actual judgment, if it was intended to be included in the offer of judgment. If the offer of judgment is silent about whether it includes prejudgment interest, or if the intent of the offeror cannot otherwise be clearly determined, it should be presumed that the offer includes prejudgment interest. Under this rule, an offeree given a vague offer of judgment will be able to determine precisely what he or she is forgoing by rejecting the offer. And, an offeror that does not want prejudgment interest to be included in the comparison should explicitly state in the offer of judgment that it does not include prejudgment interest.

Here, Rhodes's offer of judgment was silent about whether it included prejudgment interest. However, Rhodes's intent to include prejudgment interest in the offer can be gleaned from its inclusion of pre-offer prejudgment interest in its comparison.

Additionally, because pre-offer prejudgment interest should be included on the judgment in the comparison under NRS 17.115(5) and NRCP 68(g) in this case, the prejudgment interest calculated on the two pre-offer payments made before trial must also be included in the comparison to determine whether State Drywall obtained a more favorable judgment than Rhodes's offer of judgment. Because the district court improperly excluded the prejudgment interest on the two contractual pre-offer payments, we conclude that the court's order must be reversed and the case remanded for a new comparison.[18]

## CONCLUSION

We reverse the portion of the district court's judgment awarding prejudgment interest, as well as its order awarding attorney fees and costs to respondent and remand this case to the district court with instructions. To determine whether to make an award of costs and attorney fees, the district court must first calculate prejudgment interest under NRS 99.040(1) on the two payments made before trial and the amount found by the special master to be due. The district court must then determine whether State Drywall obtained a more favorable judgment than Rhodes's offer of judg-

___

[18]The record does not reflect what, if any, analysis was made by the district court of the factors set forth in *Beattie v. Thomas*, 99 Nev. 579, 668 P.2d 268 (1983). While we have previously affirmed a district court's award of attorney fees even though it failed to make express findings regarding the *Beattie* factors, the record must, nevertheless, reflect that the district court considered the *Beattie* factors. *See Schwartz v. Estate of Greenspun*, 110 Nev. 1042, 1049-51, 881 P.2d 638, 642-44 (1994); *Uniroyal Goodrich Tire v. Mercer*, 111 Nev. 318, 324, 890 P.2d 785, 789 (1995).

ment under NRS 17.115(5) and NRCP 68(g), by adding State Drywall's costs, prejudgment interest on the two pretrial payments, and pre-offer prejudgment interest on the court's award of $106,502.01 to the award and compare that total to Rhodes's offer of judgment of $180,000.

Rose, C. J., Becker, Maupin, Gibbons and Douglas, JJ., concur.