# IN THE SUPREME COURT OF THE STATE OF NEVADA

HUCKABAY PROPERTIES, INC.; AND
JOHN HUCKABAY,
Appellants,
vs.
NC AUTO PARTS, LLC; AND STEVEN
B. CRYSTAL,
Respondents.

No. 67863

**FILED**

DEC 15 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a district court order granting a motion to alter or amend and awarding prejudgment interest. Second Judicial District Court, Washoe County; Jerome M. Polaha, Judge.

Having considered the parties' arguments regarding the appealed April 22, 2015, order, we agree with the district court that appellants are barred by the law-of-the-case doctrine from arguing that the district court's May 9, 2012, order was not a final judgment.[1] *See Recontrust Co., N.A. v. Zhang*, 130 Nev., Adv. Op. 1, 317 P.3d 814, 818 (2014) (observing that the law-of-the-case doctrine prohibits "re-open[ing]" questions that have previously been decided "explicitly or by necessary implication"); *U.S. v. Lummi Nation*, 763 F.3d 1180, 1185 (9th Cir. 2014) (reviewing de novo applicability of the law-of-the-case doctrine). Specifically, in appellants' previous appeal, they represented in their docketing statement that the May 2012 order was a final judgment, which is a representation that this court relied upon when we determined that

---

[1]Although the district court did not explicitly refer to the law-of-the-case doctrine in its April 2015 order, its analysis is consistent with that doctrine.

16-39066

briefing in appellants' previous appeal could proceed and in dismissing the appeal for appellants' failure to file the opening brief. *Recontrust Co.*, 130 Nev., Adv. Op. 1, 317 P.3d at 818. Thus, if appellants wanted to challenge the district court's failure in the May 2012 order to award them an offset, they needed to either timely move in district court to correct the May 2012 order or successfully appeal that order.[2] Because appellants did neither of those things, the district court correctly determined in its April 2015 order that appellants were precluded from seeking an offset.

We agree with appellants, however, that the district court abused its discretion in determining that respondents were entitled to $9,973.86 in prejudgment interest. *See M.C. Multi-Family Dev., L.L.C. v. Crestdale Assocs., Ltd.*, 124 Nev. 901, 917-18, 193 P.3d 536, 547 (2008) (reviewing a district court's decision to award prejudgment interest for an abuse of discretion). Among other reasons, it was improper for the district court to use December 31, 2010, as the date that interest began to accrue because even if appellants improperly billed respondents for operating expenses on that date, respondents did not provide any evidence suggesting that they paid the improper bills on that date. In other words, until respondents actually paid the improper bills, they were not entitled to a refund of those payments and necessarily were not entitled to have interest accrue on that refund.[3] *See Jeaness v. Besnilian*, 101 Nev. 536,

---

[2]To the extent that appellants are arguing that the May 2012 order *did* award them an offset, we disagree with that argument, as the May 2012 order expressly awarded $144,812.25 to respondents.

[3]Appellants contend that respondents *never* paid the improper bills and were therefore not entitled to the refund that the court awarded. This argument goes to the propriety of the May 2012 final judgment and is therefore beyond the scope of this appeal for the reasons discussed above.

SUPREME COURT
OF
NEVADA

(O) 1947A

541, 706 P.2d 143, 146-47 (1985) (observing that for prejudgment interest to be awarded, the date on which interest begins to accrue must be ascertainable); *State Drywall, Inc. v. Rhodes Design & Dev.*, 122 Nev. 111, 117, 127 P.3d 1082, 1087-88 (2006) (observing that the purpose of prejudgment interest is to compensate a party for the loss of use of money to which the party is entitled).  Thus, absent an identifiable date on which interest began to accrue, the district court abused its discretion in determining that respondents were entitled to $9,973.86 in prejudgment interest.  *M.C. Multi-Family Dev., L.L.C.*, 124 Nev. at 917-18, 193 P.3d at 547; *Jeaness*, 101 Nev. at 541, 706 P.2d at 146-47.

In sum, we affirm the portion of the district court's April 2015 order determining that appellants are not entitled to an offset, and we reverse the portion of the April 2015 order determining that respondents are entitled to $9,973.86 in prejudgment interest.  Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Cherry

_____, J.          _____, J.
Douglas                          Gibbons

cc:    Hon. Jerome M. Polaha, District Judge
       David Wasick, Settlement Judge
       McDonald Carano Wilson LLP/Reno
       Woodburn & Wedge
       Washoe District Court Clerk